IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**GEORGE WYATT, JR., 003337878,**
 **and LISA M. HILL WYATT,**                :

    **Plaintiffs,**                                          :

**vs.**                                                            :        CIVIL ACTION 22-0240-JB-MU

**THE COCA COLA BOTTLER,** *et al.*,      :

    **Defendants.**                                      :


## REPORT AND RECOMMENDATION

Plaintiff George Wyatt, Jr., who is proceeding *pro* se, filed a handwritten self-styled complaint. (Doc. 1). No motion to proceed without prepayment of fees was filed with the complaint, nor were the $402 filing and administrative fees paid at the time of filing.

Previously, this Court found that Mr. Wyatt was subject to the "three-strikes" rule of 28 U.S.C. § 1915(g).[1] *Wyatt, et al. v. State of Texas Gov't Sys.*, Civil Action No. 22-

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

0147-TFM-MU (S.D. Ala. June 9, 2022). Again, in reviewing the dockets of the United States District Courts in PACER (Public Access to Court Electronic Records)[2,3], the undersigned finds that Mr. Wyatt has more than three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, namely, *Wyatt v. Midstate Commissary, et al.,* CA No. 4:99-cv-00234-Y (N.D. Tex. Sept. 30, 1999) (§ 1915A(b)(1)); *Wyatt v. Stacks, et al.,* CA No. 4:05-cv-01032-H (S.D. Tex. Apr. 7, 2005) (frivolous and malicious); *Wyatt v. Stardust Apts.,* CA No. 4:99-cv-940-Y (N.D. Tex. Dec. 29, 1999) (frivolous); *Wyatt v. Stardust Apt., et al.,* CA No. 4:96-cv-00817-A (N.D. Tex. Dec. 3, 1996) (§ 1915); and *George Wyatt and Lisa Wyatt v. U.S. of America The State of Texas,* CA No. 3:20-cv-00269-TMB (D. Alaska Oct. 27, 2020) (frivolous and failure to state a claim). After reviewing these cases, the undersigned finds that these cases bring Mr. Wyatt within the scope of 28 U.S.C. § 1915(g). Therefore, Mr. Wyatt was required to pay $402 in fees when he filed his complaint, *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.), *cert. denied,* 535 U.S. 976 (2002), unless he was imminent danger of serious physical injury, 28 U.S.C. § 1915(g). *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior time).

---

[2]     The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

[3]     Mr. Wyatt has filed numerous actions in federal courts throughout the United States according to PACER.

In reviewing the substance of the present complaint, Mr. Wyatt named as Defendants The Coca Cola Bottler, The Coca Cola Company, Wal-mart Store, Fiesta Store, and Save-A-Lot Store. (Doc. 1 at 1, PageID.1). No addresses were provided for Defendants. As best the undersigned can discern, the complaint contains a listing of types of discrimination - race, color, national origin, religion, equal pay, pregnancy, harassment, physical or mental disability, and age (because he is 72 years old). (*Id.*). According to the allegations, before a conditional job offer was made by Defendants, they required medical exams be taken, and they asked questions about one's disability. (*Id.*). They also denied fringe and pension benefits, which were given to other employees, and placed a person in situations to limit the person's opportunities or status and seniority. (*Id.)*. The allegations state that "[w]e are working by the hour at several five thousand dollars per hour for 43 years or a cash [unreadable] some amount in the compensation sum of $100 zillionth cash access dollars." (*Id.* at 2, PageID.2).[4]

Considering that these allegations do not contain a reference to a physical injury, Mr. Wyatt did not face imminent danger of serious physical injury at the time he filed his complaint. Thus, at the time of the complaint's filing, Mr. Wyatt was required to pay $402 in filing and administrative fees.[5]

---

[4]   The face of the complaint reveals no connection by Mr. Wyatt and Ms. Wyatt to this District or to the State of Alabama.

[5]   The present complaint's allegations are not consistent with Mr. Wyatt's incarceration history. Case law shows that on March 26, 1982, Mr. Wyatt was found guilty of robbery and received an enhanced sentence of seventy-five years imprisonment. *Wyatt v. Cockrell,* 2003 WL 124289, at *1 (N.D. Tex. 2003). His conviction was affirmed, and discretionary review was refused. (*Id.*). Four unsuccessful petitions for state habeas corpus relief were filed before he filed his first federal petition for writ of habeas corpus. (*Id.*). His first federal habeas petition was dismissed as being barred by the one-year limitation period. *Supra,* at *3. Subsequently,

Furthermore, this action is purportedly brought by another Plaintiff, Lisa M. Hill Wyatt. An address separate from Mr. Wyatt's address was not provided for her. (Doc. 1 at 3, PageID.3). In the prior action, *Wyatt, et al. v. State of Texas Gov't Sys.*, Civil Action No. 22-0147-TFM-MU (S.D. Ala. June 9, 2022), in which she was also identified as a plaintiff, a separate address was not provided for her either. The Court's rulings were sent to her at the only address in the file, which was Mr. Wyatt's address, Estelle 2, Unit RMF - 264 FM 3478, Huntsville, TX 77320-3322. Those rulings sent to her were returned to the Court as undeliverable. (Docs. 6, 7, 13, 17, 18). This is the same address provided in the present action for both Mr. Wyatt and Ms. Wyatt.

The present complaint was signed by George Wyatt, Bar 23266046, and was supposedly signed by Attorney at Law, Lisa M. Hill Wyatt, Law Firm Bar 23266046. (*Id.*). However, Ms. Wyatt's signature resembles Mr. Wyatt's handwriting in the complaint. The Court also notes that the bar number given for Mr. Wyatt and for Ms. Wyatt are identical. No indication was given of which bar they are a member. An examination of the State Bar of Texas' attorney directory did not show that George Wyatt, Jr., or Lisa M. Hill Wyatt were members of that Bar. *See* https://www.texasbar.com (last visited Sept. 16, 2022).

---

Mr. Wyatt filed two other federal petitions for writ of habeas corpus, which were dismissed as successive. *Wyatt v. Dretke*, 2005 WL 1025970 (N.D. Tex. 2005); *Wyatt v. Texas,* 2022 WL 1570744 (N.D. Tex. 2022). Considering Mr. Wyatt's incarceration history, his allegation of working forty-three years for any Defendant is not based on fact and, therefore, is frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989) (a complaint "is frivolous where it lacks an arguable basis . . . in fact"); *Denton v. Hernandez,* 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,'. . . a category encompassing allegations that are 'fanciful,'. . . 'fantastic,' . . . and 'delusional,'. . . . [; a]s those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]").

In Mr. Wyatt's prior action in this Court, it was pointed out to Mr. Wyatt that he was not an attorney and, therefore, could not represent Ms. Wyatt. (Docs. 5, 9). Thus, the representation that both Mr. Wyatt and Ms. Wyatt are attorneys appears to be an attempt to circumvent that issue.

In Civil Action No. 22-0147-TFM-MU, District Judge Moorer wrote:

> Lisa M. Hill [W]yatt is not a proper party plaintiff and should be dismissed making George Wyatt Jr. the only plaintiff. The Court agrees in principle [with the Report and Recommendation] but would clarify that the dismissal of Lisa M. Hill [W]yatt would not fall under 28 U.S.C. § 1915(g).
>
> The Court notes, pursuant to 28 U.S.C. § 1654, George Wyatt Jr. may theoretically proceed pro se on his own behalf in a case, but as a non-attorney, he cannot engage in the practice of law on behalf of others. There is nothing in § 1654 or the Federal Rule of Civil Procedure 17(c) that permits him to proceed pro se on behalf of Lisa M. Hill [W]yatt. The Eleventh Circuit has held on several occasions 28 U.S.C. § 1654 prohibits a non-lawyer from representing another entity such as a corporation, trust, or estate. [citing cases]. While George Wyatt Jr. is being dismissed under 28 U.S.C. § 1915(g), Lisa M. Hill [W]yatt's dismissal would be because there is no evidence that she even intended to be a plaintiff in this action. The Court does not have an address for her and the mail has been returned as undeliverable. Further, there is nothing in the barebones handwritten complaint that would indicate what claims Ms. [W]yatt would intend to bring or that the Court would have jurisdiction over the above matter involving her and the State of Texas Government system. Therefore, the Court dismisses the action without prejudice with leave to refile if appropriate as to Ms. Wyatt.
>
> . . . . Should Ms. Wyatt intend to bring a suit, she may file one with own signature and pay either the filing fee or complete an application to proceed *in forma pauperis.*

Civil Action No. 22-0147-TFM-MU, June 9, 2022 Memorandum Opinion and Order, Doc. 8 at 1-2, PageID.24.

"The right to appear *pro se* . . . is limited to parties conducting 'their own cases' and does not extend to non-attorney parties representing the interests of others." *Class v. U.S. Bank Nat'l Assoc.,* 734 F. App'x 634, 636 (11th Cir.2018).  For this reason and the reasons stated above from Mr. Wyatt's prior case on this Court's docket, Mr. Wyatt, who has not been shown to be a lawyer, cannot as a non-lawyer represent Ms. Wyatt in this Court.  28 U.S.C. § 1654 (providing that a party may conduct his or her own case personally or with counsel).  Moreover, there is no indication that Ms. Wyatt is in anyway personally involved in this action, i.e., the absence of a separate address for her and her signature.  Accordingly, it is recommended that Ms. Wyatt be dismissed without prejudice from this action.

However, if it is Ms. Wyatt's intention to file a lawsuit, she must draft and sign the complaint herself, (if she is not represented by counsel who is admitted to practice before this Court), and she must pay the $402 filing and administrative fees at the time of filing or file a motion to proceed without prepayment of fees.  Furthermore, in Ms. Wyatt's complaint, she must establish this Court has subject-matter jurisdiction over her complaint and that venue is proper in this District, both of which appear to be absent in the present complaint.

During the undersigned's examination of Mr. Wyatt's cases to determine if 28 U.S.C. § 1915(g)'s applies to his complaint, the case of *Wyatt v. Stacks*, Civil Action No. 4:05-cv-01032 (S.D. Tex. 2005), was discovered.  The *Stacks* court found that Mr. Wyatt previously received sanctions from the United States District Court for the Northern District of Texas in Civil Action No. 4:99-0940 on December 29, 1999, which required that he pay a $50 fine, with no further filings of any type being accepted by the

6

court until the fine was paid, unless Mr. Wyatt was in imminent danger of serious physical injury. (Doc. 20 at 4). The *Stacks* court found that Mr. Wyatt wasted judicial resources when he filed his complaint because it was a duplicate of another of his actions and because the case was initially filed in Louisiana, before it was transferred to the Southern District of Texas, so Mr. Wyatt could avoid paying the $50.00 fine that he was required to pay before filing another action, unless he was imminent danger of serious physical injury. (*Id.* at 3). The *Stacks* court dismissed the action because it was required to enforce the fine through the Policy Statement signed February 1, 1994, that the Southern District of Texas will enforce sanctions imposed by other federal district courts in Texas, and because the action was factually frivolous. (*Id.* at 3, 4-5).

Mr. Wyatt is **WARNED** that this Court likewise will consider imposing sanctions against him should he persist in filing lawsuits *pro se* in which he joins other persons as plaintiffs who are not attorneys or are unrepresented, specifically if Lisa M. Hill Wyatt is joined, or if the substance of complaint does not show a plausible connection to him and to this District or is not coherent and grounded in fact. The Court will not tolerate abusive conduct, especially from a person known as a serial litigator by other courts. Sanctions that will be considered are not limited to monetary fines but may also include actions of an injunctive nature, such as, but not limited to, barring the filing of complaint on a certain subject matter, not filing a complaint until it has been reviewed by a judicial officer who approves of its filing, or striking a complaint. *See Shivers v. U.S.*, 427 F. App'x 697, 699 (11th Cir. 2011) ("Injunctive restrictions on filings by abusive litigants are 'necessary and prudent' in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions.") (citing *Procup*

*v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986) (*en banc* )).

Because Mr. Wyatt cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $402 filing and administrative fees at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"). Furthermore, Lisa M. Hill Wyatt is due to be dismissed without prejudice from this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the

disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this 28th day of September, 2022

                                        **s/ P. BRADLEY MURRAY**
                                        **UNITED STATES MAGISTRATE JUDGE**